Lyford *v.* Holway.

---

John Lyford *versus* Joseph Holway.

Where the principal debtor in a trustee process, had purchased land and given back to his grantor, a mortgage to secure his notes for the consideration, and then conveyed one half of the same, by deed of warranty, to the person summoned as trustee, and received the consideration therefor; and afterwards, the notes secured by the mortgage, remaining wholly unpaid, the principal debtor conveyed the other half of the land to the supposed trustee, who contracted with his grantor, as the consideration for this conveyance, to pay the notes secured by the mortgage, being then to the full amount of the value of the land, — but at the time of the service of the trustee process, no payment had been made, of any part of the notes secured by the mortgage, either by the supposed trustee or by the debtor; *it was holden*, that the supposed trustee must be discharged.

THIS was a *scire facias* against the defendant, as the trustee of Xenophon Holway. The only question was, whether the defendant ought to be charged as the trustee of Xenophon

Lyford *v.* Holway.

Holway, on the disclosures of the present defendant, when summoned as trustee. In the district court, REDINGTON J. presiding, the defendant was charged as trustee, and the defendant excepted.

The exceptions state, that "all the preliminary legal measures have been taken by the plaintiff to charge said trustee, and the only question presented to the Court for their decision is, whether the trustee's disclosures show, that the trustee should be charged."

The answers were very long, and are omitted as the substance of the case appears in the opinion of the Court.

The arguments were in writing.

*Merrick,* for the defendant, contended that there was no ground whatever for charging the trustee. In the argument, he advanced these legal positions.

The law is supposed to be, that no one can be charged as trustee, unless there appears to be a clear admission of goods, effects or credits, not disputed or controverted by the supposed trustee, before he can be truly said to have them in deposit or trust. *Picket* v. *Swan,* 4 Mason, 460; *Rich* v. *Reed,* 22 Maine R. 28; *Page* v. *Smith,* 25 Maine R. 256.

To render a person liable to be charged as trustee of another, it is necessary that the latter have a cause of action against him, or that the former have personal chattels in his possession, belonging to the principal, capable of being seized and sold on execution *M. F. & M. Ins. Co.* v. *Weeks,* 7 Mass. R. 438; *Perry* v. *Coates,* 1 Pick. 537; *Owen* v. *Estes,* 5 Mass. R. 330.

The facts disclosed by this defendant, if given in evidence in an action by the principal against him, would be a perfect defence; and therefore he cannot be adjudged trustee. *Stackpole* v. *Newman,* 4 Mass. R. 85; *Kidd* v. *Shepherd, ib.* 238; *Howell* v. *Freeman,* 3 Mass. R. 121; *Locke* v. *Tippets,* 7 Mass. R. 129.

*E. E. Brown,* for the plaintiff, contended that the conveyance from Xenophon Holway to the defendant, was fraudulent

VOL. XIV. 38

as to creditors, and that for that cause, the defendant ought to be charged as trustee.

In this case there was a sum of money put into the hands of the defendant, to be paid to Hinds, which he promised to appropriate for that purpose and failed to do. It is immaterial whether the cause of the indebtedness, or the consideration of such promise, was the conveyance of land by the promisee, to the defendant, or the transfer of personal chattels. The duty of paying the money in either case remains. As the defendant had neglected to pay over the money, the principal debtor could have recovered it back; and therefore the defendant should be charged on this ground. *Schillinger* v. *McCann*, 6 Greenl. 64; *Burbank* v. *Gould*, 15 Maine R. 118. The service of the trustee process is equivalent to a demand for the money.

If the supposed trustee admits property to be in his hands, he must be charged, unless he clearly discharges himself, which has not been done here.

The measure of damage in this case would be the injury sustained by the breach of the promise. This would be the amount put in his hands to pay Hinds, and still remaining, Hinds never having been paid.

The following were cited at the close of the argument as additional authorities to show, that the defendant ought to be charged. 2 Mylne & Keen, 492; 5 Mass. R. 385; 22 Maine R. 121; 14 East, 582; 7 Pick. 247; 5 N. H. Rep. 178; 9 Pick. 18.

The opinion of the Court was by

TENNEY J. — From the disclosures of the defendant, which are the only evidence in the case, it appears, that Xenophon Holway, the principal debtor in the original process, purchased of Ashur Hinds, a tract of land; paid at the time $100, and gave notes for $400, on interest, and a mortgage of the same land for their security. He conveyed to the defendant by deed with covenants of warranty one undivided half of this land, for the consideration of two hundred and fifty dollars, which

Lyford v. Holway.

when paid was to be applied to the note and mortgage; the whole of the consideration was paid and some excess by the defendant to Xenophon, but only one hundred dollars went in payment of the notes to Hinds. Two or three years after the purchase by the defendant, nothing more having been received by Hinds, a settlement took place between the principal debtor and the supposed trustee, and the former gave to the latter a note for $427, being the amount then due to Hinds and a balance of accounts in favor of the defendant. At the same time Xenophon conveyed his interest in the remaining part of the land to the defendant, and took a bond for the reconveyance of the same, if the amount of the note of $427, should be paid within six years; and the defendant agreed by parol to pay to Hinds, the sum due to him. At the time of the service of the plaintiff's original writ nothing had been received by Hinds upon his notes, excepting the one hundred dollars, and no payment had been made on the note to the defendant; it had been agreed between Xenophon and the defendant, that the latter should allow the sum of $25 on his note, and in consideration thereof, the bond should be surrendered to him. This agreement was carried into effect after the service of the original writ; a settlement was made, and Xenophon gave a new note for the balance owed by him, after deducting the amount due to Hinds. Nothing has been paid by the defendant since he was served with the trustee process, and the land is of less value, than the amount due upon the notes and mortgage to Hinds.

Was the defendant properly charged as the trustee of the principal debtor? The last conveyance made to the defendant was in consideration of his agreement to pay to Hinds the balance due of the original purchase money. He contracted to pay this sum in discharge of the mortgage, and in no other manner; the principal debtor had no claim upon him for this sum, without first paying his own notes given for the land. By the disclosures, the defendant took the last deed, not for the purpose of obtaining directly thereby, any interest of value, for the sum due on the mortgage was greater than the worth

Lyford *v.* Holway.

of the land; but as indemnity, if he should be compelled to pay the sum due to Hinds, in order to get a title to the ₁land first purchased, for which he had made full payment to his grantor. If the sum, which he last agreed with Xenophon to pay to Hinds, should be diverted from that object, to benefit the creditors of Xenophon, he would still be obliged to pay a like sum, to discharge the mortgage, before the interest which he first purchased would be available. A failure to discharge the balance due to Hinds, would result in the forfeiture of his entire title.

It does not sufficiently appear from the disclosures, that the principal debtor and the defendant were guilty of a fraud, as is contended in behalf of the plaintiff, so that the defendant is liable as trustee. *Exceptions sustained. Trustee discharged, and his costs allowed.*